# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CRYSTAL D. HUGHES,<br>    Plaintiff, | Case No. 1:13-cv-569 |
| vs | Dlott, J.<br>Bowman, M.J. |
| MARTY DONINI, SCIOTO<br>COUNTY SHERIFF, et al.,<br>    Defendants. | **ORDER AND REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Wheelersburg, Ohio, brings this *pro se* civil action under 42 U.S.C. § 1983 and Sections 504 and Title II of the Americans with Disabilities Act (ADA).  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious.  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or

when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

2

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action for damages against Marty Donini, the Sheriff of Scioto County, Ohio; the Scioto County Sheriff's and Deputy Sheriff's Department; the Scioto County Correctional Center (SCCC) and Scioto County Jail; two "John Doe" transporters employed by the Scioto County Sheriff's Department; Scioto County; Scioto County's Commissioners; and the City of Portsmouth, Ohio. (Doc. 1, Complaint, p. 2). Plaintiff avers that she has a "partially paralyzed leg" and that, because of her disability, wears a "right lower extremity orthotic/long leg brace" and uses a "walking aide/assistive device in her left hand." (*Id.*, p. 5, ¶¶ 17, 20). She alleges that on August 18, 2011, she appeared at the Portsmouth Municipal Court (PMC) with her twin sister and mother for a "traffic violation and other matters that had been issued the previous day by the Ohio State Highway Patrol." (*Id.*, p. 4, ¶ 9). After holding plaintiff, her sister and mother in contempt of court, the PMC sentenced plaintiff and her sister to "5 days in SCCC." (*Id.*, pp. 4-5, ¶¶ 12-15). Both plaintiff and her sister were "handcuffed behind their backs and shackled at their feet in preparation for transport to SCCC." (*Id.*, p. 5, ¶ 16). Plaintiff alleges that her "assistive device" was taken from her although she "made it clear to authorities that she was clearly disabled and made requests for reasonable accommodation as to the matter of shackling her feet together or handcuffing her behind her back without benefit of support." (*Id.*, ¶¶ 17, 19). Plaintiff claims that her requests for "reasonable accommodation" were denied "by officers and court officials." (*See id.*, ¶¶ 18, 20).

3

Plaintiff further alleges that she required assistance to enter the van for transport to the SCCC and that the defendant "Transportation Officers" refused to unlock her leg brace, although she and her sister were unable to do so while in hand cuffs. (*Id.*, ¶¶ 22-25). Plaintiff states that she, therefore, "was required to maneuver herself into the transport van with the orthotic in its fully extended and locked position" and was forced "to sit in the only remaining seat available in the van which was on the end of the row of a bench style seat." (*Id.*, ¶¶ 24, 26). Plaintiff alleges that she repeatedly indicated that she was "at substantial risk of falling out of the seat," but her requests for "reasonable accommodations" were denied. (*Id.*, ¶¶ 27-30). She claims that she was "thrown into the floorboard/fender well of the transport van when the driver made his first left hand turn" and that the driver refused to stop, stating it was "against policy" to stop for any reason, although plaintiff was "scream[ing] in agony" and she and others in the van "begged [him] to stop and upright [plaintiff]." (*Id.*, ¶¶ 31-33). Plaintiff, therefore, was forced to remain on the floorboard for the duration of the trip, on her right side, with her arms cuffed behind her back" and with her legs shackled. (*Id.*, ¶ 34). Plaintiff claims that she "suffered a torn rotator cuff" during the incident, which "will require surgical repair of her right shoulder." (*Id.*, p. 6, ¶¶ 60-61).

In addition, plaintiff alleges that when the van arrived at SCCC, she was lifted out of the "floorboard fender well area by two officers" and taken to a pod, where she was "given a mattress on the floor despite her obvious disability and mobility issues." (*Id.*, p. 5, ¶¶ 35, 39). Plaintiff states that during her incarceration at SCCC over a period of nine days, she and others on her behalf made a number of requests for "medical assistance," which were "ignored or denied." (*See id.*, pp. 5-6, ¶¶ 41-42). Plaintiff said she was also "forced to wear her right leg orthosis 24/7 during her incarceration" even though it was "not designed for showering or

4

suppose[d] to get wet." (*Id.*, p. 6, ¶¶ 48-49). She also claims that while she was incarcerated she did not receive "her long-standing prescription medications for nerve palsy." (*Id.*, ¶ 50).

Plaintiff claims that the defendants violated both § 1983 and the ADA because they used excessive force and acted in "deliberate indifference" to the special needs of the disabled plaintiff by disregarding her requests for "reasonable accommodation" when she was arrested and transported to the SCCC, as well as by ignoring her requests for accommodation and "necessary medical care" while she was incarcerated at the SCCC. Plaintiff further asserts that the "Sheriff, County, and City Defendants implicitly and explicitly adopted and implemented careless and reckless policies, customs, or practices, . . . or ignored prudent policies and procedures all-together, in allowing employees to disregard State law, ADA, Title II, and the Constitution of the United States." (*See id.*, p. 7, ¶¶ 64-69).

Liberally construed, the complaint states a colorable federal claim against the two "John Doe" transporters, which is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. § 1915(e)(2)(B). In addition, the complaint is deserving of further development and may proceed at this juncture against the Scioto County Sheriff, Scioto County, Scioto County's Commissioners, and the City of Portsmouth, Ohio, to the extent that plaintiff asserts that the alleged violations of her federal constitutional and statutory rights occurred as a result of policies, customs or practices adopted and enforced by those defendants. *See, e.g.*, *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 691, 694 (1978); *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Hawk v. Richland Cnty. Jail*, No. 1:12cv326, 2012 WL 2742550, at *3 (N.D. Ohio July 9, 2012). *See also* 28 U.S.C. § 1915(e)(2)(B).

However, the complaint should be dismissed to the extent that plaintiff suggests that the Scioto County Sheriff, Scioto County, Scioto County's Commissioners and the City of Portsmouth, Ohio, may be held liable for damages under § 1983 simply on the basis of any "[n]egligent supervision" and inadequate training of their employees.  (*See* Doc. 1, Complaint, p. 7, ¶ 70).  It is well-settled that neither supervisory personnel nor municipalities can be held vicariously liable under § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents.  *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 454-55 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)); *see also Iqbal,* 556 U.S. at 677; *Monell*, 436 U.S. at 690-92; *Gregory v. Shelby Cnty., Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *Hawk v. Richland Cnty. Jail*, No. 1:12cv326, 2012 WL 2742550, at *3 (N.D. Ohio July 9, 2012).  "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate."  *Wingo,* 499 F. App'x at 455 (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)).  In the absence of any factual allegations indicating "direct, active participation" in the misconduct alleged herein, plaintiff has "failed to state a plausible claim" against the sheriff and county and municipal defendants based solely on their roles in training and supervising their employees.  *Cf. id.*; *see also Koch v. Cnty. of Franklin*, No. 2:08cv1127, 2010 WL 23686352, at *10-11 (S.D. Ohio June 10, 2010) (Frost, J.) ("a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it") (internal citations and quotations omitted).

In addition, plaintiff has not stated an actionable claim for relief against the Scioto County Sheriff's and Deputy Sheriff's Department, the SCCC or the Scioto County Jail because they are not legal entities that are capable of being sued. *See, e.g., Petty,* 478 F.3d at 347 (affirming the dismissal of the county sheriff's office as a defendant because it "is not a legal entity capable of being sued for purposes of § 1983"); *Matthews,* 35 F.3d at 1049 (a "Police Department is not an entity which may be sued"); *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (in affirming the dismissal of a complaint on screening for failure to state an actionable claim under § 1983, the Sixth Circuit held that the county jail was a "department of the county" and "not a legal entity susceptible to suit"); *Coffey v. Miami Cnty. Jail*, No. 2007 WL 316262, at *1, *2 (S.D. Ohio Jan. 29, 2007) (holding that the plaintiff had failed to state a claim against the county jail because the jail was "neither a 'person' under § 1983 nor an entity capable of being sued under § 1983") (Rose, J.; Ovington, M.J.); *Hawk, supra*, 2012 WL 2742550, at *3 (and cases cited therein) ("Neither the County Jail nor the . . . County Sheriff's Department is a legal entity capable of being sued for purposes of § 1983."); *see also DiBiase v. Lake Cnty. Detention Facility*, No. 1:12cv944, 2012 WL 3061448, at *2 (N.D. Ohio July 26, 2012) (and cases cited therein); *Barnes v. Cuyahoga Cnty. Jail*, 1:09cv2671, 2010 WL 148136, at *1 (N.D. Ohio Jan.12, 2010) (and cases cited therein). *Cf. Elkins v. Summit Cnty., Ohio*, No. 5:06cv3004, 2008 WL 622038, at *6 (N.D. Ohio Mar. 5, 2008) (in dismissing claims against the municipal police department, the court pointed out that "[a]dministrative units of a local government, such as a municipal police department, are not *sui juris* because they lack the power to sue, and cannot be sued absent positive statutory authority," which has not been granted in Ohio). Therefore, those defendants should be dismissed from this action.

7

**IT IS THEREFORE RECOMMENDED THAT:**

The following claims be **DISMISSED** on the ground that plaintiff has failed to state a claim upon which relief may be granted: (1) plaintiff's claim against the Scioto County Sheriff, Scioto County, Scioto County's Commissioners and the City of Portsmouth, Ohio based on the theory of negligent supervision and inadequate training of their employees; and (2) plaintiff's claims against the Scioto County Sheriff's and Deputy Sheriff's Department, the SCCC and the Scioto County Jail. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon the following defendants as directed by plaintiff: Scioto County's Sheriff, Marty Donini; Scioto County and its Commissioners; and the City of Portsmouth, Ohio. All costs of service shall be advanced by the United States.

However, before service of process can occur with respect to the two "John Doe" defendants named in the complaint, plaintiff must file a motion to issue service setting forth the identity of those defendants and must provide updated summons and United States Marshal forms for service purposes. Therefore, plaintiff is **ORDERED** to file a motion to issue service, including updated summons and United States Marshal forms, if/when he discovers the identities of the "John Doe" defendants through discovery. Plaintiff is advised that no service will be issued on the "John Doe" defendants until he complies with this Order. Plaintiff is further advised that if he fails to comply with this Order, his complaint against the two "John Doe" defendants may eventually be dismissed. *See* Fed. R. Civ. P. 4(m).

      2.  Plaintiff shall serve upon the defendants or, if appearance has been entered by counsel, upon the defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

      3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


                                                          */s/ Stephanie K. Bowman*
                                                          United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CRYSTAL D. HUGHES,
    Plaintiff,

vs

MARTY DONINI, SCIOTO
COUNTY SHERIFF, et al.,
    Defendants.

Case No. 1:13-cv-569

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc