UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CRYSTAL HUGHES,
    Plaintiff,

vs.

MARTY DONINI, SCIOTO
COUNTY SHERIFF, et al.,
    Defendants.

Case No. 1:13-cv-569

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This matter is also before the Court for a *sua sponte* review of the amended complaint to determine whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, proceeding *pro se* has been granted *in forma pauperis* status, in this civil rights action brought pursuant to 42 U.S.C. § 1983 and Sections 504 and Title II of the Americans with Disabilities Act (ADA). (Doc. 2). Upon *sua sponte* review of the initial complaint, the Court determined that plaintiff's complaint failed to state a claim upon which relief may be granted with respect to the following: (1) Plaintiff's claim against the Scioto County Sheriff, Scioto County, Scioto County's Commissioners and the City of Portsmouth, Ohio based on the theory of negligent supervision and inadequate training of their employees; and (2) Plaintiff's claims against the Scioto County Sheriff's and Deputy Sheriff's Department, the SCCC and the Scioto County Jail. See 28 U.S.C. § 1915(e)(2)(B). Thereafter, Plaintiff was granted leave to file an amended complaint. Plaintiff's amended complaint is subject to *sua sponte* review by the Court in order to

determine whether the pleading, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Here, Plaintiff's proposed amended complaint appears to identify the previously listed John Does. In this regard, Plaintiff's amended complaint names the following individuals as defendants: Officer Casey Boone and Deputy Kristi Powell of the Scioto County Correctional Center, Officer Chris Dunham, Transportation Officer at Portsmouth Municipal Court, City of Portsmouth Officers Tim Taulbee, Dale Herman, Tyler Clifford, Kyle McCain, and Eric Brown. With respect to these defendants, the amended complaint alleges:

24. Transportation Officer, **Chris Dunham**, refused to attempt to unlock the orthotic, but allowed twin sister, Ms. Lambert to "try" to unlock it, but because her hands were also shackled, Ms. Lambert was unable to unlock the orthotic or assist Miss Hughes in any way. Plaintiff was required to maneuver herself into the transport van with the orthotic in its fully extended and locked position.

37. During the booking process, Miss Hughes was compliant with all instructions and answered each question truthfully and honestly regarding past medical history, current medications, the prescribing physician, physical limitations, etc. Plaintiff also reported to **Officer Boone**, in booking, that she had just been injured in a transport van.

39. During strip search, Plaintiff's mobility limitations were explained to **Deputy Powell** who could clearly see that Plaintiff was wearing a long-leg orthosis and exhibited difficulty in balancing and standing. Miss Hughes was, nevertheless escorted to a "pod" and was given a mattress on the floor despite her obvious disability and mobility issues.

(Doc. 21, p. 5) (*Emphasis added*).

2

Liberally construed, the complaint states a colorable federal claim against these three named defendants which is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff fails to mention the remaining proposed individual defendants in the body of her complaint. The Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir.1996). To state a claim for relief the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode,* 423 U.S. 362, 375 (1976).

Here, proposed Defendants Portsmouth Officers Tim Taulbee, Dale Herman, Tyler Clifford, Kyle McCain, and Eric Brown are simply listed in the caption. Yet, the amended complaint does not contain any allegations of fact that specifically addresses these Defendants. Absent allegations of their personal involvement in the incidents about which Plaintiff complains, the amended complaint fails to state any claims for relief against them. See *Jones v. Cabinet For Families & Children*, 3:07CV-11-S, 2007 WL 2462184 (W.D. Ky. Aug. 29, 2007).

For these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state upon which relief may be granted as to Defendants Portsmouth Officers Tim Taulbee, Dale Herman, Tyler Clifford, Kyle McCain, and Eric Brown. Furthermore, to the extent the amended complaint can be construed as

3

asserting the claims previously dismissed by the court, such claims should be dismissed for the reasons stated in the Court's previous Report and Recommendation.   It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CRYSTAL HUGHES,  
    Plaintiff,

vs.

MARTY DONINI, SCIOTO
COUNTY SHERIFF, et al.,
    Defendants.

Case No. 1:13-cv-569

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).