UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CRYSTAL HUGHES,<br>      Plaintiff, | Case No. 1:13-cv-569 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| MARTY DONINI, SCIOTO<br>COUNTY SHERIFF, et al.,<br>      Defendants. | |

## REPORT AND RECOMMENDATION

This civil action is now before the Court on Defendants Kasey Boone, Kristi Powell, and Chris Dunham motions for judgment on the pleadings (Docs. 27, 28) and the parties' responsive memoranda. (Docs. 31, 34, 35, 36).

### I.  Background and Facts

Plaintiff, proceeding *pro se* has been granted *in forma pauperis* status, in this civil rights action brought pursuant to 42 U.S.C. § 1983 and Sections 504 and Title II of the Americans with Disabilities Act (ADA). (Doc. 2). Plaintiff alleges that Defendants committed various civil rights violations between August 18, 2011 and August 25, 2011. (Doc. 21, ¶¶ 9-56). Plaintiff originally filed her lawsuit on August 16, 2013. (Doc. 3). At the time the original complaint was filed, the complaint named Sheriff Marty V. Donini, Scioto County Sheriff's Department, Scioto County Corrections Center/Scioto County Jail, Scioto County, Ohio, the Scioto County Commissioners and the City of Portsmouth, as well as John Does 1-2, Scioto County Transporters. (*Id.*).

Upon *sua sponte* review of the initial complaint, the Court determined that plaintiff's complaint failed to state a claim upon which relief may be granted with respect to the following: (1) Plaintiff's claim against the Scioto County Sheriff, Scioto County, Scioto

County's Commissioners and the City of Portsmouth, Ohio based on the theory of negligent supervision and inadequate training of their employees; and (2) Plaintiff's claims against the Scioto County Sheriff's and Deputy Sheriff's Department, the Scioto County Correctional Center and the Scioto County Jail. *See* 28 U.S.C. § 1915(e)(2)(B). The Court further determined that liberally construed, the complaint states a colorable federal claim against the two "John Doe" transporters, which were deserving of further development and may proceed at that juncture. *See* 28 U.S.C. § 1915(e)(2)(B). In addition, the Court noted that the complaint is deserving of further development and could proceed against Scioto County, Scioto County's Commissioners, and the City of Portsmouth, Ohio, to the extent that Plaintiff asserts that the alleged violations of her federal constitutional and statutory rights occurred as a result of policies, customs or practices adopted and enforced by those defendants. *See, e.g.*, *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 691, 694 (1978); *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Hawk v. Richland Cnty. Jail*, No. 1:12cv326, 2012 WL 2742550, at *3 (N.D. Ohio July 9, 2012). *See also* 28 U.S.C. § 1915(e)(2)(B). That claim remains pending.

Thereafter, Plaintiff was granted leave to file an amended complaint. On March 20, 2014, Plaintiff filed an Amended Complaint naming two new Scioto County Defendants, Kasey Boone and Kristi Powell, and Portsmouth Transportation Officer Chris Dunham. (Doc. 21). Defendants Boone, Powell and Dunham now move for judgment on the pleadings asserting that Plaintiff's claims against them are barred by the applicable statute of limitations. (Docs. 26, 27).

**II.     Standard of Review**

The standard for a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6). *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir.1987). When ruling on a defendant's Rule 12(c) motion, a district court "must construe the complaint in the light most favorable to the plaintiff [and] accept all of the complaint's factual allegations as true." *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 512 (6th Cir.2001) (citations omitted). In ruling on a motion for judgment on the pleadings, a court may not consider material outside of the pleadings. Fed.R.Civ.P. 12(c); *see also Hickman v. Laskodi,* 45 F. App'x 451, 454 (6th Cir.2002).

A court may grant judgment on the pleadings on a statute of limitations defense only where it is apparent from the face of the complaint that the action was not brought within the statutory period. *See Phelps v. McClellan,* 30 F.3d 658, 662 (6th Cir.1994); *see also Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir.1978) (Rule 12(b) motion to dismiss granted only where complaint shows that action is time-barred). Consequently, if the allegations in the amended complaint provide a basis for tolling the statute of limitations, the defendants will not be entitled to judgment on the pleadings as to the new claims against them. *See Austin v. Brammer,* 555 F.2d 142, 143 (6th Cir.1977) (per curiam).

**III.    Analysis**

In all constitutional tort actions, the Court borrows the statute of limitations for personal torts from the State where the claim arose. *Hardin v. Straub,* 490 U.S. 536, 538, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). The statute of limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years. Ohio Rev.Code § 2305.10.

*Banks v. City of Whitehall,* 344 F.3d 550, 553–54 (6th Cir.2003) (citing *Browning v. Pendleton,* 869 F.2d 989 (6th Cir.1989) (en banc)). See also *McCormick v. Miami Univ.*, 1:10-CV-345, 2011 WL 1740018 (S.D. Ohio May 5, 2011) *aff'd,* 693 F.3d 654 (6th Cir. 2012) (Paintiff's ADA claim is subject to a two-year statute of limitations). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Fox v. DeSoto,* 489 F.3d 227, 233 (6th Cir.2007) (citing *Ruff v. Runyon,* 258 F.3d 498, 500 (6th Cir.2001)).

In this case, Plaintiff's cause of action accrued, at the latest, on August 25, 2011 – the date Plaintiff was released from the Scioto County Jail. The original complaint was filed nearly two years later on August 16, 2013, less than two weeks before the expiration of the statute of limitations for her claims under §1983 and/or the ADA. (See Doc. 3). In the original complaint, Plaintiff identified Sheriff Marty V. Donini, Scioto County Sheriff's Department, Scioto County Corrections Center/Scioto County Jail, Scioto County, Ohio, the Scioto County Commissioner and the City of Portsmouth as Defendants. (*Id.*). As noted above, the amended complaint, naming Boone, Powell and Dunham as new defendants was filed on March 20, 2014, well after the expiration of the statute of limitations. (Doc. 21).

Because the addition of these defendants occurred after the expiration of the statute of limitations, Plaintiff's claims may only continue against Boone, Powell and Dunham if she can relate their addition back to the date of the original complaint. In this regard, Rule 15(C) of the Federal Rules of Civil Procedure provides:

> An amendment relates back to the date of the original pleading under this provision when the amendment asserts a claim that arose out of the conduct set out in the original pleading and:

4

>  (C) the amendment changes the party or the naming of the party against whom a claim is asserted ... and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

(*Id.*).

Plaintiff contends that these claims are not time-barred because they date back to the date of her original pleading under Rule 15(c)(1)(C). Plaintiff further contends that these Defendants should have received notice of the lawsuit from their employers and/or employer's counsel. Plaintiff also contends that she made a mistake concerning the proper parties by misidentifying Scioto County Sheriff's Department Transporters (John Doe #1) & (John Doe #2), instead of City of Portsmouth Transport Officer. (Doc. 34). Plaintiff's contentions lack merit.

It is well established Sixth Circuit law that the substitution of a "John Doe" defendant with a named party is not a "mistake concerning the proper party's identity" for purposes of Rule 15(c) (1)(C)(ii) but is a change in parties. *Asher v. Unarco Material Handling, Inc.,* 596 F.3d 313, 319 (6th Cir.2010) (citing *In re Kent Holland Die Casting & Plating, Inc.,* 928 F.2d 1448, 1450 (6th Cir.1991) (Rule 15(c) does not allow for the addition of new parties after the statute of limitations has expired); *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir.1996) (substituting a named defendant for a "John Doe" defendant is considered a change in parties rather than a mere substitution of parties)). Rule 15(c)

5

"allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe'...." *Smith v. City of Akron,* No. 10–4418, 2012 WL 1139003, at *2 (6th Cir.2012) (collecting cases). The Rule was not designed to correct the situation where a plaintiff was not mistaken about the identity of the parties she intended to sue but rather "did not know who they were and apparently did not find out within the ... limitations period." *Id.,* at *1 (citing *In re Kent Holland,* 928 F.2d at 1449–50; *Cox,* 75 F.3d at 240; *Moore v. Tennessee,* 267 F. App'x 450, 455 (6th Cir.2008)).

In accordance with governing Sixth Circuit case law, Rule 15(c) does not allow relation back of the claim against these defendants under the facts presented. Plaintiff did not make a mistake concerning their identity that she sought to correct by amending the complaint. Instead, she amended the complaint to add new, previously unknown Defendants, in place of the John Doe defendants, which is considered a change in parties under Sixth Circuit Law. Accordingly, Plaintiff cannot establish a mistake of identity and consequently does not satisfy the relation back exception of Rule 15(c)(1)(C).

### IV.   Conclusion

For these reasons, it is therefore **RECOMMENDED** that Defendants' motions for judgment on the pleadings (Docs. 27, 28) be **GRANTED** and Plaintiff's claims against Defendants Boone, Powell and Dunham be **DISMISSED.**

                                        *s/ Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CRYSTAL HUGHES,<br>    Plaintiff,<br><br>        vs.<br><br>MARTY DONINI, SCIOTO<br>COUNTY SHERIFF, et al.,<br>    Defendants. | Case No. 1:13-cv-569<br><br>Dlott, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).